IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD GAINES,

                Plaintiff,

     v.                                CASE NO.07-3212-SAC

FRED LAWRENCE, et al.,

                Defendants.

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis on a *Bivens*[1] complaint filed while he was confined in a Kansas detention facility operated by the Corrections Corporation of America (CCA).

Plaintiff seeks damages on allegations related to his fall from a CCA transport van in November 2003, and contends CCA defendants were deliberately indifferent to the serious injury he sustained in that fall. Noting the two year statute of limitations applicable to *Bivens* actions filed in Kansas,[2] the court directed plaintiff to show cause why the complaint should not be dismissed as time barred.

In response, plaintiff essentially advances two arguments.[3] The first is directed at the date his claim accrued. In the second,

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] See *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993)(a two-year statute of limitations applies to civil rights actions brought in Kansas).

[3] Because plaintiff proceeds pro se, the court liberally construes his pleadings and filings. See *Haines v Kerner*, 404 U.S. 519, 520 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir.2007).

he maintains the limitation period should be equitably tolled in this case.

*Accrual*

The limitations period begins to run when the cause of action accrues, and this is a question of federal law. *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir.1995). Generally, a cause of action accrues when the plaintiff knows or has reason to know that he was injured and who inflicted the injury. See *United States v. Kubrick*, 444 U.S. 111 (1979)(a claim accrues when the plaintiff knows both the existence and the cause of his injury); *Fratus*, 49 F.3d at 675 (a "civil rights action accrues when 'facts that would support a cause of action are or should be apparent'")(citation omitted).

Plaintiff contends his cause of action did not accrue until he was fully aware of the extent of his injury. Plaintiff notes the doctor initially found only minor injuries from plaintiff's fall, but changed that diagnosis after an MRI in January 2004 revealed a serious spinal condition in need of treatment. Plaintiff thus states he could not have proven any injury prior to his MRI scan. Plaintiff further states there was no way he could be certain to suffer any compensable injury prior to the outcome of surgical and rehabilitation procedures implemented after plaintiff's injury had been correctly diagnosed.

However, it is clear that plaintiff was aware of his injury when he fell from the van in 2003, and was certainly aware it was a serious injury by the end of January 2004 when confirmed by an MRI and a doctor's diagnosis. The Supreme Court has expressly rejected plaintiff's suggestion that accrual of injury related claims should be delayed until a plaintiff is fully aware of the extent of his

2

injuries. *Kubrick*, 444 U.S. at 122-24. See also *Baker v. Bd. of Regents of State of Kansas*, 991 F.2d 628, 632 (10th Cir.1993)(a plaintiff may have knowledge of an injury even if unaware of all the evidence ultimately relied on for his cause of action). Thus plaintiff's claim accrued, at the latest, by the end of January 2004. Because plaintiff initiated the instant action in July 2007, the complaint is clearly time barred unless plaintiff is able to show he is entitled to statutory or equitable tolling of the two year limitation period.

*Tolling*

The statutory or equitable tolling of a limitations period interrupts or suspends the running of the applicable limitations period once a claim has accrued, and is governed by state law. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478, 485-86 (1980). When it clear from the dates in the complaint that the right to sue has extinguished, plaintiff bears the burden of demonstrating a basis for tolling the statute to avoid dismissal of the action. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir.1980).

Plaintiff sets forth no factual basis for statutory tolling. While a Kansas statute provides tolling for persons under a legal disability when a cause of action accrued or during the running of the limitations period, K.S.A. 60-515, the statute expressly states that "if a person imprisoned for any term has access to the court for purposes of bringing an action such person shall not be deemed to be under legal disability." K.S.A. 60-515(a). See *Bulmer v. Bowling*, 27 Kan.App.2d 376 (2000)(only prisoners denied access to the courts may invoke tolling provision of statute of limitations

3

for actions brought by persons under legal disability). Plaintiff points to no undue limitation on his access to the courts during the running of the two year limitations period in the instant case, and court records disclose plaintiff filed pleadings in a previous case in this court both during and after January 2004.[4]

Nor does the record support finding that plaintiff would be entitled to equitable tolling in this matter. Equitable tolling is an extraordinary remedy which is applied sparingly. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is most likely to be applied if the claimant "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or if his adversary induced or tricked him into filing after the deadline. *Id*. It generally is not appropriate if the claimant's late filing is a result of his "fail[ure] to exercise due diligence in preserving his legal rights." *Id*.

Plaintiff acknowledges he fell from a CCA van and was injured in November 2003, and seeks damages on allegations that CCA defendants were deliberately indifferent to his serious injuries. These allegations mirror those asserted in a proposed amended complaint plaintiff submitted in his previously filed case,[5] an action he voluntarily dismissed in August 2004.[6] The court denied

---

[4] See *Gaines v. Lawrence*, Case No. 04-3218-GTV.

[5] *Id*.

[6] Pursuant to 42 U.S.C. § 1997e(a) and *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir.2003), the court directed plaintiff to show cause why the complaint in Case No. 04-3218 should not be dismissed without prejudice, or summarily dismissed as stating no claim for relief against the named defendants. In response, plaintiff acknowledged his failure to exhaust

plaintiff's September 2006 and March 2007 motions to reopen that action, finding it lacked jurisdiction due to plaintiff's voluntary dismissal of the complaint. Plaintiff thereafter submitted the instant complaint.

The record of plaintiff's litigation falls far short of showing that plaintiff was diligent in his efforts to seek relief on his claims, as even his unsuccessful motions to reopen his previous case were filed more than seven months after the limitations period had expired. Although plaintiff points to being in considerable pain and to continuing medical treatment as reasons for his delayed filings, these broad references are insufficient to establish any disability that significantly impaired his ability to proceed in a timely manner. Plaintiff does not allege facts showing he diligently attempted to file the instant action within the statutory period, or that he filed his action as soon as he could. He thus has not satisfied the burden of showing equitable tolling is warranted.

Dismissal of this action is appropriate if the court finds the complaint viewed in the light most favorable to plaintiff lacks "enough facts to state a claim to relief that is plausible on its face."[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

administrative remedies, and sought a stay to do so. In the alternative, plaintiff asked to voluntarily dismiss his complaint. The district court judge denied plaintiff's request for a stay, and dismissed the complaint as a voluntary dismissal under Rule 41. Plaintiff's case was no longer pending when the Supreme Court abrogated *Steele* in *Jones v. Bock*, 549 U.S. 199 (2007).

[7]Plaintiff argues dismissal is not appropriate because the timeliness of his filing of the complaint is not beyond doubt. However, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

Finding no plausible timely claim against defendants is presented, the court concludes the complaint should be dismissed.

IT IS THEREFORE ORDERED that the complaint is dismissed as time barred.

**IT IS SO ORDERED.**

DATED: This 22nd day of September 2010 at Topeka, Kansas.

                                                  s/ Sam A. Crow
                                                  SAM A. CROW
                                                  U.S. Senior District Judge

---

would entitle him to relief," as stated in *Conley v. Gibson*, 355 U.S. 41, 44-45 (1957), was abrogated in *Twombly*.